JAMES W. MESSICK, for the use of THOMAS ATWELL, plaintiff below, Appellant *v.* JOHN W. STAFFORD and JAMES STAFFORD, defendants below, Respondents.

Failure, or want of consideration, or breach of warranty of an article sold, cannot be pleaded to an action on a bond, or specialty. And the principle is the same whether the action commences in the court, or originates before a justice of the peace and comes up on appeal from his judgment.

The provision of the statute, *Revised Code* 344, *sec.* 12, which requires that a trial shall be granted in certain cases, on affidavit filed by defendant setting forth any "just defence," does not import an equitable defence, but only such defences as are cognizable at common law, or by special provision of some statute.

ON appeal from a justice of the peace. Debt on a note under seal for $100. The plea and defence was that the note was for an animal bought by the defendants of Mes-

sick, and which he warranted to be sound and valuable, but that it proved to be worthless and of no value; and general demurrer to the plea.

*E. D. Cullen*, for the plaintiff: The failure of consideration, or a breach of warranty of the article sold, or false and fraudulent representations as to its quality, or value, could not be pleaded as a defence to an action on a specialty, or an instrument under seal. *Stayton v. Morris,* 4 *Harr.* 357. 2 *Johns,* 177. 13 *Johns,* 430. 2 *Mass.* 159. 7 *T. R.* 471. 4 *Wend.* 471. 8 *Cow.* 290. And even upon a contract and sale of goods with a warranty, a breach of the warranty could not be pleaded as a defence to an action on the contract for the price of them, unless the goods had been returned and accepted by the vendor, but the purchaser would have to resort to his action on the warranty. *Ch. on Contr.* 461.

*C. S. Layton*, for the defendants: The case came up here on appeal from a justice of the peace, and it was therefore subject to all the provisions of the statute applicable to the jurisdiction within which it originated. The note on which the action was founded, was originally an obligation under seal with a warrant to any justice of the peace to enter judgment thereon by confession; which was done. Afterward the defendants under the provision of the statute for that purpose, filed an affidavit in the case before the justice, alleging in the words of the statutory provision referred to, that they had " a just defence " against the said obligation, upon which he opened the judgment, as he was bound to do, and let the parties into a trial upon its merits on the original cause of action, the sale of the property in question, and from the judgment rendered by him in that trial, this appeal was taken. Such being the case, was not the defence now pleaded, a just defence to the action, provided the proof should sustain it on the trial of the issue? It was not necessary for him to say that had the action originated in this court

upon the note, that it would be a legal defence according to the technical rules of pleading which prevailed here and at common law ; still he would maintain that it would have been a legal defence and a good plea to the action, although it was upon a specialty, or writing obligatory, even if it had originated here. 1 *Arch. N. P.* 316, 317. 25 *Eng. C. L. R.* 516.

*E. D. Cullen,* in reply : It was averred, it was true, in the plea, that the property was returned by the defendants and received by the plaintiff. But notwithstanding the averment was untrue in point of fact, instead of traversing and taking issue upon it, he had demurred to it, because allegations such as these, of fraudulent representations as to the quality, or value of the consideration for which a bond, or specialty was given, were no defence at law to an action on the bond, or specialty. The only fraud, or deceit which could avail as a legal defence in such a case, would be fraud, deceit, circumvention, or imposition in obtaining the bond, or specialty, and which would avoid it *ab initio.* But although such was the law, the defendants were not without their redress ; for if they could prove a warranty of the property sold, they might maintain a cross action upon it against the plaintiff for damages. As to the other point presented in the argument of the counsel for the defendants, he would merely remark that justices of the peace have no equitable jurisdiction, and that a just defence referred to in the statute, meant the same thing as a legal defence at common law to the action.

*By the Court:* We consider the question raised in this case, settled by the decision of the court in the case of *Stayton v. Morris,* 4 *Harr.* 357, as well as by the numerous cases cited on behalf of the plaintiff in the argument. Indeed, the principle ruled in those cases had long been well settled ; and in principle, the present case was not distinguishable from them, for the reason suggested by

the counsel for the defendants, that is to say, on the ground that it originated and was conducted below in the manner stated by him and comes up here on appeal from the judgment of a justice of the peace. A just defence, such as is contemplated in the act of Assembly referred to, imports such a defence as is cognizable at common law, or by special provision of some other statute, if there is any, and no other. A justice of the peace by the laws of this State, is invested with no equitable powers, or jurisdiction; and even if it were otherwise, it would not follow that the plea in question and the facts alleged in support of it, would constitute an equitable defence to the action of the plaintiff; because if the facts alleged were true, they would furnish the defendants with an equivalent remedy by a cross action at law against the plaintiff for damages, and it is an elementary principle and maxim of courts of equity that they cannot afford a party equitable relief, and will not interpose, when he has his remedy by an action at law in the case. Judgment must therefore be entered for the plaintiff on the demurrer.